*725 OPINION.
MoRRis:
The question presented is whether the yacht Nautilus II was a business asset upon which depreciation may be taken and the costs of operation may be deducted.
The record convinces us that the yacht was bought and used by petitioner for the purpose of inducing customers and prospective customers to visit petitioner’s plant to the end that the sales of his product would be stimulated. The petitioner felt that his process of manufacture surpassed that of his competitors, and that therefore an inspection of his plant was an excellent sale producer. In addition, pamphlets advertising his plant were placed on the yacht for the use of the guests. The yacht was purchased in anticipation that certain benefits would flow to the business, and petitioner testified that the results have more than justified the outlay. Customers were invariably present when the yacht was in use, except on two annual occasions when the employees were entertained, and when for some reason customers were unable to keep their engagement. We are of the opinion that the yacht was a business asset and that the petitioner is entitled to deduct the operating expenses. For the fiscal year 1920 the operating expenses were stipulated to be $8,627.32.
For the fiscal year 1918, depreciation of 25 per cent is claimed on the yacht and in our opinion the evidence supports the rate claimed. The naval architect in charge of reconditioning the yacht testified with respect to its condition in February, 1919, as follows:
We had a difficult proposition. We had a boat there that was badly wrecked, certain essential members of the boat had been damaged, the essential members of strength, and the engine was practically shot, as we say in business, and we restored the boat as far as it was possible, covering up the damage with paint and varnish and made a boat that was presentable, but actually was just a nice trimming on a very battered framework or hull.
He further testified that the value of the boat as of February, 1919, when returned by the Government was approximately $5,000. Allowing 25 per cent depreciation for the fiscal year 1918 as claimed, leaves an undepreciated cost of $4,726.18, which is in close proximity of the value testified to by the architect.
We are unable to agree with the contention that the depreciation leduction for the fiscal year 1920 should be $2,321.75. The recon *726 ditioning cost of $11,518.41 less the $4,626 paid by the Government leaves $6,892.41 as the additional cost of the yacht. The latter figure plus the undepreciated original cost of $4,726.18 amounts to $11,618.59, which should be depreciated over the 10-year remaining life of the yacht.
Judgment will be entered an 15 days’ notice, under Rule 50.
Considered by Trammell and Littleton.